**Carl E. PERSON, Plaintiff—Appellant,**

v.

**GOOGLE, INCORPORATED, Defendant—Appellee.**

No. 07–16367.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2009.*

Filed Sept. 24, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Carl E. Person, Law Offices Carl E. Person, New York, NY, for Plaintiff–Appellant.

Susan Creighton, Esquire, Jonathan M. Jacobson, Meredith K. Kotler, Esquire, Sara Ciarelli Walsh, Wilson Sonsini Goodrich & Rosati, New York, NY, David H. Kramer, Esquire, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, for Defendant–Appellee.

Before: REINHARDT and BEA, Circuit Judges, and LARSON,\*\* District Judge.

---

\*\* The Honorable Stephen Larson, United States District Court for the Central District of California, sitting by designation.

## MEMORANDUM \*\*\*

Carl E. Person, *pro se*, appeals the district court's dismissal of his Second Amended Complaint ("SAC") against Google, Inc. Person alleged that Google violated the Sherman Act § 2 for "monopolizing and combining to monopolize the search advertising market and submarket for monetizing the traffic of community search websites." Person alleges, in the alternative, attempted monopolization under the Sherman Act § 2. The district court dismissed Person's SAC under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Person has failed to plead facts sufficient to raise the allegations in his complaint that Google engaged in exclusionary, anticompetitive, or predatory behavior beyond a speculative level. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Because we hold that Person has failed adequately to allege that Google engaged in exclusionary, anticompetitive, or predatory behavior, we do not reach the question whether Person pleaded facts sufficient to show a relevant market.

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.